**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**AMIE JONES,**

    **Plaintiff,**

**v.**                                      **Case No: 5:15-cv-269-Oc-PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

    **Defendant.**

## ORDER

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

**I.    BACKGROUND**

Plaintiff filed an application for DIB benefits, alleging disability beginning October 15, 2010. (Tr. 73, 166–67). The claim was denied initially, and upon reconsideration. (Tr. 103–06, 112–17). At Plaintiff's request, a hearing was held before Administrative Law Judge Joseph A. Rose (the "ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 28–53, 55–72).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 33). At step two, the ALJ determined that Plaintiff had the following severe impairments: fibromyalgia, chronic fatigue syndrome, migraines, and lumbar spine disorder. (Tr. 33–35).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 36).  Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CPR 404.1567(b) except she is limited to frequent climbing of ramps and stairs; occasional climbing of ladders, ropes and scaffolds; frequent balancing, stooping, kneeling, crouching and crawling."  (Tr. 36–45).

At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a medical record coder, substitute teacher, health care assistant, and receptionist.  (Tr. 45–46).  Thus the ALJ found that Plaintiff was not disabled from October 15, 2010, through the date last insured.  (Tr. 46).

Then, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner.  (Tr. 7–12).  With her administrative remedies exhausted, Plaintiff filed the instant appeal.  (Doc. 1).

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.  *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

### III. DISCUSSION

On appeal, Plaintiff raises three issues: (1) whether the ALJ erred in finding that Plaintiff's mental impairments were not severe; (2) whether the ALJ developed a full and fair record; and (3) whether the ALJ posed a proper hypothetical.

#### A. The ALJ did not err at step two

Plaintiff contests the ALJ's step two finding that her mental impairments of anxiety and depression were not severe. I find no error.

First, the ALJ must determine at step two whether a plaintiff has any severe impairment. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987): Step two acts as a filter: "if no severe

impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Id.* So, where, as here, the ALJ identifies multiple severe impairments (e.g., fibromyalgia, chronic fatigue syndrome, migraines, and lumbar spine disorder (Tr. 33–35)) and proceeds to step three, the ALJ does not err by failing to identify another severe impairment. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("[W]e have recognized that step two requires only a finding of 'at least one' severe impairment to continue on to the later steps.").

Second, the ALJ conducted a Psychiatric Review Technique ("PRT"), which included the broad functional areas known as the "paragraph B" criteria—i.e., activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decomposition. *See* 20 C.F.R. § 404.1520a(a)(1), (c)(3)–(4). The ALJ found that Plaintiff's activities of daily living, based on Plaintiff's own testimony, showed only mild limitations. For instance, Plaintiff stated that she could attend to her personal care and that she suffered daily but mild anxiety attacks. (Tr. 35, 207–09, 235). Likewise, the ALJ found that Plaintiff's limitations in social functioning were also mild: though Plaintiff reported an inability to leave the house without suffering debilitating anxiety, the ALJ noted that Plaintiff was alert, cooperative, and oriented during her medical examinations. (Tr. 35, 405–07, 809). About Plaintiff's concentration, persistence, and pace, the ALJ noted that testing failed to confirm any memory or concentration deficits, though Plaintiff reported that pain inhibits her concentration. (Tr. 35, 207–09, 405–07, 620–21). And the ALJ found that Plaintiff had no episodes of decompensation. (Tr. 35). In addition, the ALJ was

persuaded by the findings of Barbara Lewis, Ph.D., who reviewed most of Plaintiff's file and found that Plaintiff's mental impairments were not severe. (Tr. 35, 96–98).

In sum, the ALJ reasoned that as Plaintiff's mental impairments caused only mild limitations and no episodes of decomposition, those impairments were not severe. (Tr. 35). Based on that analysis, the ALJ did not err. *See* 20 C.F.R. § 404.1520a(d)(1) (stating that a claimant's mental impairments are generally not severe where those limitations are mild and there are no episodes of decomposition); *Delgado v. Colvin*, No. 3:15-CV-211-J-JRK, 2016 WL 611777, at *5 (M.D. Fla. Feb. 16, 2016).

### B. The ALJ fully and fairly developed the record

Next, Plaintiff argues that the RFC assessment is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record. (Pl.'s Br., pp. 6–10). It is well-settled that the ALJ has a basic obligation to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).[1] But the ALJ's duty to develop the record does not relieve a plaintiff's burden of proving a disability and thus, a plaintiff must still produce evidence in support of his or her claim. *Id*. Moreover, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). The court should be guided by whether the record shows evidentiary gaps which result in unfairness or "clear prejudice." *Id.*

---

[1] This basic obligation only rises to the level of a special duty when a claimant is unrepresented and unfamiliar with hearing procedures. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Here, Plaintiff was represented at the administrative hearing by an attorney (Tr. 55) and Plaintiff raises no challenge regarding her representation. Accordingly, the ALJ's duty to develop a full and fair record did not rise to the level of a heightened duty. *See Ellison*, 355 F.3d at 1276–77.

At issue here are the records of Plaintiff's treating psychiatrist, Parmanand Gurnani, M.D. On an unknown date, Dr. Gurnani completed a *Psychiatric Evaluation* form. (Tr. 404–07). The doctor found that Plaintiff was sad, tearful, had an absent perception, and had a Global Assessment of Functioning ("GAF") score of 45.[2] But Dr. Gurnani also found that Plaintiff was well dressed, groomed, and nourished; stood erect; was alert and cooperative; made good eye contact with fair rapport; had normal and coherent speech; had a tight thought process; was alert to person, place, time, and situation; had good abstract thinking; was above average in intelligence; and had good insight, impulse control, and judgment. (Tr. 405–07). The record also contains the doctor's largely illegible handwritten treatment notes from two visits. (Tr. 408–09).

Plaintiff argues that, given the GAF score of only 45, the ALJ should have contacted Dr. Gurnani to determine the contents of the handwritten treatment notes. But to ensure a full and fair record, an ALJ must contact a treating physician "when the evidence from that physician is *insufficient* to determine whether the claimant is disabled." *Prince v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 967, 972 (11th Cir. 2014) (emphasis added); *cf.* 20 C.F.R. § 404.1512(e). Here, the ALJ reviewed and summarized the numerous findings contained in Dr. Gurnani's *Psychiatric Evaluation.*

In considering Dr. Gurnani's findings, the ALJ noted Plaintiff's GAF score and that GAF scores do not have a direct correlation to the severity requirements in the mental disorder listings. *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 613 (11th Cir. 2015); *Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury*, 65 Fed. Reg. 50746,

---

[2] The GAF scale describes an individual's overall psychological, social, and occupational functioning as a result of mental illness. A GAF score "does not itself necessarily reveal a particular type of limitation and 'is not an assessment of a claimant's ability to work.'" *See e.g.*, *Ward v. Astrue*, No. 300-CV-1137-J-HTS, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008) (quoting *Jiles v. Barnhart,* No. Civ.A. 05–G–0861–S, 2006 WL 4402937, at *2 n. 1 (N.D. Ala. Sept. 11, 2006)).

50764–65 (Aug. 21, 2000). Then, the ALJ summarized Dr. Gurnani's numerous examination findings (e.g., the ALJ noted that Dr. Gurnani found Plaintiff "had normal, spontaneous and coherent speech, presented with a sad affect, tight thought process, alert, orientated, with good memory, good abstract thinking, impulse control, judgment and insight") (Tr. 43). Next, the ALJ stated that these examination findings—coupled with Plaintiff's conservative treatment and her activities of daily living—more accurately reflected Plaintiff's RFC than the GAF score. Finally, the ALJ noted that the illegible handwritten treatment notes were taken during only two visits. Based on the above, the ALJ concluded that the illegible notes were not supportive of Plaintiff's allegations or the GAF score. (Tr. 43).

The ALJ's conclusion is supported by substantial evidence. Indeed, Plaintiff produces no evidence to suggest that the illegible notes would have established a severe disability: The illegible notes were from only two visits and the examinations findings themselves, along with the ALJ's consideration of other records (as discussed below), are supportive or consistent with Dr. Gurnani's clear examination findings—findings which do not support a disability

Further, in addition to the ALJ's review of Dr. Gurnani's numerous findings, the ALJ considered the records from various other physicians and found that these clinical findings failed to corroborate the purported severity of Plaintiff's mental impairments. (Tr. 41–43).

For instance, the ALJ noted that in March of 2014, Cyndie Ford Purdy, Licensed Mental Health Counselor, treated Plaintiff. Counselor Purdy found that Plaintiff was anxious, depressed, and defensive; but Plaintiff was also cooperative, goal directed with logical though process, and able to focus and express thoughts. (Tr. 42, 750).

During the first few month of 2014, Sonal Parikh, M.D., treated Plaintiff several times. Dr. Parikh found that Plaintiff's mood, anxiety, and depression improved; her anxiety was mild

and her affect was appropriate; she had no evidence of psychosis; she took good care of herself; she was alert and oriented; and she had no suicidal or homicidal ideations. (Tr. 41, 822–25). The doctor also maintained a consistent treatment plan during this time.

The ALJ also cited Dr. Gurnani's examination findings, which as set forth *supra*, included that Plaintiff was well dressed, groomed, and nourished; stood erect; was alert and cooperative; made good eye contact with fair rapport; had normal and coherent speech; had a tight thought process; was alert to person, place, time, and situation; had good abstract thinking; had above average intelligence; and had good insight, impulse control, and judgment. (Tr. 43, 405–07).

In October 2013, Plaintiff's treating physician Julie Sudduth, M.D., completed a *Treating Source Mental Status Report*. As the ALJ noted, Dr. Sudduth stated that Plaintiff had a depressed mood and affect, but that she had normal thought process, thought content, concentration, orientation, memory, behavior, and lacked hallucinations and perceptual disturbances. (Tr. 43, 619–20). The doctor also found that Plaintiff could manage her finances, and that her ability to sustain concentration, persistence, social interaction, and adaption were normal. (Tr. 43, 621). Dr. Sudduth also completed a *Supplemental Mental Impairment Questionnaire*, in which she stated that Plaintiff's mental impairments did not significantly interfere with her daily functioning. (Tr. 609).

Finally, the ALJ also noted that Plaintiff started taking medication to treat her mental impairments before the alleged onset date and that Plaintiff's treatment records failed to show that her symptoms have worsened since that onset date. (Tr. 41–42, 809–11, 822).

In sum, given the ALJ's consideration of Dr. Gurnani's opinion and the other medical evidence summarized above, the ALJ did not err. Indeed, Plaintiff fails to show an evidentiary gap, some clear prejudice, or otherwise produce evidence of her disability. *See Ellison*, 355 F.3d

at 1276. Accordingly, the record before the ALJ was sufficient to determine whether Plaintiff was disabled, the ALJ had no duty to contact Dr. Gurnani, and the RFC assessment is supported by substantial evidence. *See Prince*, 551 F. App'x at 972.

### C. The ALJ posed a proper hypothetical

Lastly, Plaintiff argues that by failing to assign Plaintiff a RFC that is supported by substantial evidence, the ALJ also failed to pose a proper hypothetical to the Vocational Expert (VE). (Pl.'s Br., pp. 9–10). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Though the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Crawford*, 363 F.3d at 1161. And the ALJ's RFC assessment need not mirror the opinion of every doctor, nor is the ALJ required to adopt all of the limitations a doctor assessed. *See Castle v. Colvin*, 557 F. App'x, 849, 853 (11th Cir. 2014).

Here, the ALJ's hypothetical question to the VE included all of the restrictions accepted as credible by the ALJ and included in the RFC. (Tr. 36, 70–71). The ALJ was not required to include in the hypothetical any additional limitations because, as discussed s*upra*, substantial evidence supports the RFC. Thus the ALJ posed a proper hypothetical to the VE.

### IV. CONCLUSION

For the reasons stated above, ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). The Clerk is **DIRECTED** to enter final judgment for the Commissioner and **CLOSE THE FILE**.

**DONE and ORDERED** in Ocala, Florida on August 3, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties